NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| PABLO FAVELA CORRAL, | : | |
| | : | Civil Action No. 12-6220 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Pablo Favela Corral
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff pro se

**SIMANDLE,** Chief Judge

    Plaintiff Pablo Favela Corral, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action in forma pauperis pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq.[1]

---

[1] This Court previously denied Plaintiff's initial and deficient application for leave to proceed in forma pauperis and ordered this matter administratively terminated. Plaintiff has submitted a new and complete Application [7] for leave to proceed in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's Application [7] to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to re-open the Court's file in this matter and to file the Complaint for further proceedings.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff is a federal prisoner serving a 188-month term of imprisonment pursuant to a sentence imposed by the U.S. District Court for the District of Nebraska. See United States v. Favela-Corral, Crim. No. 02-3121 (D.Neb.).[2] Plaintiff alleges that he has suffered a "life long actual injury" while confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"). (Complaint, ¶ 19.) Plaintiff alleges that the injuries resulted from Bureau of Prisons ("BOP") staff in Washington, DC, providing too few health care staff at FCI Fort Dix, providing too small a budget for health care both at FCI Fort Dix and by outside providers, and being too slow to respond to the need for outside treatment. (Complaint, ¶ 32.) Plaintiff further contends that local FCI Fort Dix staff withheld administrative remedy forms[3] from Plaintiff and

---

[2] In the criminal action, Plaintiff is identified as "Pablo Favela-Corral." Accordingly, the Clerk of the Court will be ordered to amend the Docket in this matter to reflect this alternative spelling of Plaintiff's name.

[3] **Error! Main Document Only.**The Bureau of Prisons Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." **Error! Main Document Only.**28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). The Federal Correctional Institution at Fort Dix employs a BP-8 Informal Resolution Form for this purpose. That form requires the inmate to state what efforts he has made to resolve his complaint informally and to state the names of staff contacted. If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any

that BOP staff in Washington had notice of that but failed to remedy the situation. (Compl., ¶¶ 45, 66.) In addition, Plaintiff alleges that certain remedy forms that he submitted were wrongfully rejected. (Compl., ¶¶ 72, 73.)

Plaintiff alleges that he submitted an institutional remedy in March, 2011, alleging that FCI Fort Dix health care staffer Mr. Killen assaulted Plaintiff, who already had a broken arm, thereby allegedly causing additional injury. (Compl., ¶¶ 85, 87.) Plaintiff argues that the (otherwise undescribed) response to that remedy by BOP staff in Washington was a tortious breach of their duty of care to Plaintiff. (Compl., ¶¶ 88-91.) He further alleges that BOP staff breached their duty of care to provide him with two health care experts. (Compl., ¶¶ 98-103.) Plaintiff alleges further that an unnamed outside medical expert advised him that the treatment he received at FCI Fort Dix did not meet published standards of care. (Compl., ¶ 124.) He also asserts generally delay and deprivation in the provision of medical care. (Compl., ¶¶ 109, 126.)

In addition, Plaintiff generally alleges injuries to his head, nose, and eyes (Compl., ¶ 127), and he states that he has not exhausted remedies with respect to claims regarding those injuries because of Warden Zickefoose's exhaustion obstruction scheme (Compl., ¶ 129, 130.)

Plaintiff has attached to the Complaint a copy of a December 6, 2011, administrative Claim form and attachments, asserting a claim under the Alien Tort Claims Act,[4] and alleging

---

extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. **Error! Main Document Only.**Id. Appeal to the General Counsel is the final administrative appeal. Id.

[4] Plaintiff appears to base this reference to the Alien Tort Claims Act, 28 U.S.C. § 1350, on the fact that he is a citizen of Mexico. The Alien Tort Claims Act provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States," and does not have any

3

that the BOP staff at FCI withheld administrative remedy forms between 2003 and 2011, that supervisory staff in Washington, DC, were aware of this but failed to remedy the problem, and that he received inadequate care from the understaffed FCI Fort Dix medical department for injuries to his back, arms, neck, hands, head, legs, hip, feet, and blood. (Compl., Ex. 1.)[5] Plaintiff also attaches a letter dated December 16, 2011, from the U.S. Department of Justice, advising that the claim has been referred to the Federal Bureau of Prisons and providing an address for further correspondence. Plaintiff does not state whether he has received any further response regarding his administrative Claim.[6]

In this Complaint, Plaintiff asserts jurisdiction under the Federal Tort Claims Act and seeks damages in the amount of $10,000,000.00.[7]

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 28 U.S.C. § 1997e. The PLRA directs district courts

---

applicability here. See generally Sosa v. Alvarez-Machain, 542 U.S. 692 (2004).

[5] In the Claim form, Plaintiff does not assert a claim for the alleged assault by a correctional employee. In addition, that information appears to be included in the text of this Complaint by way of providing a factual context for the FTCA medical malpractice claim. Accordingly, this Court does not construe the Complaint as asserting any FTCA claim for the alleged assault.

[6] Plaintiff's Complaint is dated June 29, 2012, more than six months after the December 6, 2011, date of the Claim form. Thus, if he had not received a response, he was entitled to treat the lack of response as a denial and to proceed in court. See 28 U.S.C. § 2675.

[7] The damages amount is the same as that demanded in the Claim form.

to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under all the aforementioned provisions because Plaintiff is proceeding in forma pauperis against the United States in a claim relating to prison conditions.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim[8], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal

---

[8] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891, *2 n.1 (3d Cir. June 5, 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)).

### III. ANALYSIS

The United States has sovereign immunity except where it consents to be sued. U.S. v. Bormes, 133 S.Ct. 12, 16 (2012); United States v. Mitchell, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., constitutes a limited waiver of the sovereign immunity of the United States. 28 U.S.C. § 2679(b)(1); White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir 2010). The Federal Tort Claims Act gives federal district courts exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also CAN v. U.S, 535 F.3d 132, 141 (3d Cir. 2008) (quoting Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994)); United States v. Muniz, 374 U.S. 150 (1963).

Here, in brief, Plaintiff alleges medical malpractice by staff at FCI Fort Dix, based in part on the negligent failure of BOP staff in Washington to provide a sufficient budget for medical care at FCI Fort Dix, and negligent failure by BOP staff in Washington to resolve obstructionist tactics by FCI Fort Dix staff that prevented Plaintiff from exhausting administrative remedies regarding his medical treatment. Plaintiff also contends that FCI Fort Dix staff and BOP staff in Washington were negligent in their processing of Plaintiff's administrative remedies.

Claims under the FTCA are governed by the substantive tort law of the state where the

acts or omissions occurred, here, New Jersey. See Richards v. United States, 369 U.S. 1, 6 (1962); Ciccarone v. United States, 486 F.2d 253, 257 (3d Cir. 1973); Shuster v. Cabanas, Civil Action No. 11-1764, 2013 WL 3783891, *4 (D.N.J. July 19, 2013). Thus, as an initial matter, Plaintiff must show the typical elements of the tort of negligence under New Jersey law: (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the defendant's breach caused the plaintiff's injuries, and (4) that the plaintiff suffered damages. See generally Natale v. Camden County Correctional Facility, 318 F.3d 575, 579 and n.3 (3d Cir. 2003); Weinberg v. Dinger, 106 N.J. 469, 484 (1987). More specifically with respect to medical malpractice, Plaintiff must demonstrate "(1) the applicable professional standard of care, (2) that [the] defendant deviated from that standard of care, and (3) that the deviation was the proximate cause of [the] plaintiff's injuries." N.D. ex rel. P.D. v. Rosen, 2011 WL 2410332, *8 (N.J. Super. App. Div. June 13, 2011) (citing Gardner v. Pawliw, 150 N.J. 359, 375 (1997)). See also Verdicchio v. Ricca, 179 N.J. 1, 23 (2004) ("A medical malpractice case is a kind of tort action in which the traditional negligence elements are refined to reflect the professional setting of a physician-patient relationship.").

Here, Plaintiff's claims of medical malpractice are too vague and conclusory to state a claim. Plaintiff does not describe the nature of his medical problems, the treatment received, the identities of the treatment providers, the dates of the treatments, the alternative treatment required, the manner in which the treatment received was deficient, or the harm caused by the allegedly inadequate treatment. Cf. Skyers v. U.S., Civil Action No. 12-3432, 2013 WL 3340292, *13-*14 (S.D.N.Y. July 2, 2013) (dismissing FTCA medical malpractice claim as conclusory). To the extent he contends that some injury resulted because officials up the chain of the administrative remedy process acted negligently in their review of grievances or requests

for medical treatment, Plaintiff has utterly failed to plead a single fact tying events in the grievance or medical review process to the delivery of medical care. Overall, Plaintiff has failed to plead sufficient facts to raise his right to relief for medical malpractice above a "speculative level." See Twombly, 550 U.S. at 555.[9]

Moreover, the FTCA does not encompass all torts committed by federal government employees. Rather, the "discretionary function" exception provides that the provisions of the FTCA shall not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). To determine whether the discretionary function exception applies, a court must determine (1) "whether the act involves an 'element of judgment or choice," and (2), if so, "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell v. U.S., 225 F.3d 361 (3d Cir. 2000) (quoting U.S. v. Gaubert, 499 U.S. 315, 322 (1991)). More specifically, with respect to the second requirement, the discretionary function exception "protects only governmental actions and decisions based on considerations of public policy." Berkovitz v. U.S., 486 U.S. 531, 537 (1988). See generally S.R.P. ex rel. Abunabba v. U.S., 676 F.3d 329 (3d Cir. 2012).

While federal law requires the Bureau of Prisons to "provide for the safekeeping, care,

---

[9] In addition, Plaintiff fails to plead facts that would permit this Court to determine whether his claims are timely and exhausted. See 28 U.S.C. § 2401(b). For example, Plaintiff makes references in both the Claim and the Complaint to administrative remedies by number, but fails to provide a copy of those remedy forms or to describe the dates and contents of the forms and the responses. The repeated references to alleged obstruction in obtaining administrative remedy forms and processing them suggests that Plaintiff is seeking to rely on equitable tolling of the limitations period, see Santos ex rel. Beato v. U.S., 559 F.3d 189 (3d Cir. 2009), but he has failed to provide factual details regarding the identities of persons involved in refusing to provide administrative remedy forms, or the dates and circumstances of such alleged refusals. Because of other defects in the Complaint, this Court need not reach the timeliness issue here.

8

and subsistence" of all persons within its custody, 18 U.S.C. § 4042(a)(2), the statute leaves the implementation of these duties to BOP officials' discretion. See Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998), cited in Rinaldi v. U.S., 460 F.App'x 80, 81-82 (3d Cir. 2012). Various courts have found that budgetary considerations, especially with regard to decisions relating to medical services, are included among the policy considerations that may justify application of the discretionary function exception to BOP staff decisions. See, e.g., Hatten v. U.S., Civil Action No. 07-0935, 2011 WL 855677, *3 (E.D. Tex. Feb. 10, 2011) (budget considerations may have influenced decision regarding placement of prisoner in protective custody); Dudley v. U.S., Civil Action No. 09-4024, 2010 WL 5290024, *3-*4 (D.S.D. Dec. 17, 2010) (holding that discretionary function exception applied to medical classification decision and collecting cases).

Here, Plaintiff explicitly alleges that budget decisions by BOP officials in Washington contributed to the allegedly deficient medical care that he received. The dearth of facts pled in support of this contention limits the ability of this Court to evaluate the applicability of the discretionary function exception to the claims otherwise raised here. Nevertheless, to the extent Plaintiff seeks to proceed on the theory that policymakers at the BOP in Washington were negligent in their decisions regarding the budget for medical services at individual prisons, the discretionary function exception would appear to bar any such claim.

Finally, as noted above, liability under the FTCA depends upon conduct that amounts to a tort under state law. To the extent Plaintiff seeks to assert a claim based upon certain federal officials' negligent failure to comply with the administrative remedy procedures, this Court has failed to locate any corresponding duty under New Jersey tort law, and Plaintiff has not identified any. Accordingly, Plaintiff cannot proceed under the FTCA for negligent failure to

9

process administrative remedies. Cf. Janis v. U.S., Civil Action No. 06-1613, 2009 WL 564207, *10-*11 (S.D. Ind. March 4, 2009) (dismissing FTCA claim for negligent interference with administrative remedy process because there is no corresponding duty in Indiana law). See also Talley v. U.S., Civil Action No. 11-1180, 2013 WL 1314414, *4 (D.N.J. March 28, 2013) (noting that violation of federal statute or regulation creates an FTCA cause of action "only if there are analogous dutires under local tort law" (citing Art Metal-U.S.A., Inc. v. United States, 753 F.2d 1151, 1157 (D.C. Dir. 1985) (emphasis in original)). Accordingly, the claim for negligence in connection with the processing of administrative remedies will be dismissed with prejudice. However, this Court is not determining whether Plaintiff has filed a proper and timely administrative tort claim as required before filing suit under the Federal Tort Claims Act; if Plaintiff chooses to pursue his FTCA action, he will need to allege in his proposed Amended Complaint that he has complied with the requirement of filing a timely administrative tort claim regarding the torts he is alleging, and that such administrative claim contained a demand for monetary damages in a sum certain, as explained above.

## IV.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to file an application to reopen his case accompanied by a proposed amended complaint.[10] Any

---

[10] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013) (collecting cases). See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).

such application to reopen his case and to file an amended complaint must be filed within thirty (30) days after entry of the appropriate order which follows.

**s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **August 26, 2013**

---

To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.

11