NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PABLO FAVELA CORRAL, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-6220 (JBS) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | **OPINION** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Pablo Favela Corral, *Pro Se*
17682-047
C I Rivers
P.O. Box 630
Winton, NC 27986

**SIMANDLE, Chief Judge**

Plaintiff, Pablo Favela Corral, previously confined at the Federal Correctional Institution, Fort Dix, New Jersey, and currently confined at C I Rivers, Winton, North Carolina, submitted a Complaint asserting jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (Docket Item 1). Plaintiff originally submitted the Complaint to the United States District Court for the District of Columbia, which transferred the case to this Court on September 14, 2012 (Docket Item 3).

In this Court, on October 16, 2012, Plaintiff's case was administratively terminated for failure to submit the filing fee or a proper *in forma pauperis* ("IFP") application (Docket Items 5, 6). Thereafter, Plaintiff submitted a complete IFP application and the case was reopened; however, this Court dismissed Plaintiff's claims without prejudice, granting Plaintiff thirty days to submit an amended complaint (Docket Items 11, 12).

On September 26, 2013, Plaintiff submitted a "Notice of Action Pursuant to the FTCA" (Docket Item 15), and on November 22, 2013, an "Amended Document" (Docket Item 17). Plaintiff also submitted a stack of documents in support of his amendments, on October 15, 2013, which is in possession of the Court. Based on these filings, on November 27, 2013, this Court reopened the matter (Docket Item 18).

The Court must now review the recent submissions, construed as Plaintiff's Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to determine whether the case, as amended, should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Amended Complaint should proceed.

## BACKGROUND

In this Court's previous Opinion dismissing Plaintiff's claims

without prejudice, the following facts were revealed:

Plaintiff is a federal prisoner serving a 188-month term of imprisonment pursuant to a sentence imposed by the U.S. District Court for the District of Nebraska. *See United States v. Favela-Corral*, Crim. No. 02-3121 (D.Neb.). Plaintiff alleges that he has suffered a "life long actual injury" while confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"). Plaintiff alleges that the injuries resulted from Bureau of Prisons ("BOP") staff in Washington, DC, providing too few health care staff at FCI Fort Dix, providing too small a budget for health care both at FCI Fort Dix and by outside providers, and being too slow to respond to the need for outside treatment. Plaintiff further contends that local FCI Fort Dix staff withheld administrative remedy forms FN3 from Plaintiff and that BOP staff in Washington had notice of that but failed to remedy the situation. In addition, Plaintiff alleges that certain remedy forms that he submitted were wrongfully rejected.

Plaintiff alleges that he submitted an institutional remedy in March, 2011, alleging that FCI Fort Dix health care staffer Mr. Killen assaulted Plaintiff, who already had a broken arm, thereby allegedly causing additional injury. Plaintiff argues that the (otherwise undescribed) response to that remedy by BOP staff in Washington was a tortious breach of their duty of care to Plaintiff. He further alleges that BOP staff breached their duty of care to provide him with two health care experts. Plaintiff alleges further that an unnamed outside medical expert advised him that the treatment he received at FCI Fort Dix did not meet published standards of care. He also asserts generally delay and deprivation in the provision of medical care.

In addition, Plaintiff generally alleges injuries to his head, nose, and eyes, and he states that he has not exhausted remedies with respect to claims regarding those injuries because of Warden Zickefoose's exhaustion obstruction scheme.

Plaintiff has attached to the Complaint a copy of a December 6, 2011, administrative Claim form and

attachments, asserting a claim under the Alien Tort Claims
Act, and alleging that the BOP staff at FCI withheld
administrative remedy forms between 2003 and 2011, that
supervisory staff in Washington, DC, were aware of this
but failed to remedy the problem, and that he received
inadequate care from the understaffed FCI Fort Dix medical
department for injuries to his back, arms, neck, hands,
head, legs, hip, feet, and blood. Plaintiff also attaches
a letter dated December 16, 2011, from the U.S. Department
of Justice, advising that the claim has been referred to
the Federal Bureau of Prisons and providing an address for
further correspondence. Plaintiff does not state whether
he has received any further response regarding his
administrative Claim.

     In this Complaint, Plaintiff asserts jurisdiction
under the Federal Tort Claims Act and seeks damages in the
amount of $10,000,000.00.

*See Corral v. United States*, 2013 WL 4540919 at \*\*1-2 (D.N.J. Aug.

27, 2013)(internal citations and footnotes omitted)(Docket Item 11).

This Court analyzed Plaintiff's claims under the FTCA and 28 U.S.C.

§ 1915, and found:

Here, Plaintiff's claims of medical malpractice are too
vague and conclusory to state a claim. Plaintiff does not
describe the nature of his medical problems, the treatment
received, the identities of the treatment providers, the
dates of the treatments, the alternative treatment
required, the manner in which the treatment received was
deficient, or the harm caused by the allegedly inadequate
treatment. *Cf. Skyers v. U.S.*, Civil Action No. 12-3432,
2013 WL 3340292, \*13-\*14 (S.D.N.Y. July 2, 2013)
(dismissing FTCA medical malpractice claim as
conclusory). To the extent he contends that some injury
resulted because officials up the chain of the
administrative remedy process acted negligently in their
review of grievances or requests for medical treatment,
Plaintiff has utterly failed to plead a single fact tying
events in the grievance or medical review process to the
delivery of medical care. Overall, Plaintiff has failed
to plead sufficient facts to raise his right to relief for

4

medical malpractice above a "speculative level."
*See id.* at *3 (internal footnote and citation omitted). This Court further found that Plaintiff could not proceed under the FTCA for negligent failure to process administrative remedies, nor could he proceed on a theory that policymakers at the BOP were negligent in decisions regarding the budget for medical services at prisons, as such decisions fall under the "discretionary function" exception of the FTCA. *See id.* at *4. However, this Court granted Plaintiff permission to file an amended complaint within thirty days to address the deficiencies of his original complaint as to his medical malpractice claims, as set forth in the Opinion.

On September 26, 2013, Plaintiff filed a document construed as an amended complaint (Docket Item 15). On October 16, 2013, Plaintiff filed a stack of paperwork, including administrative remedy forms and medical records, in support of his amended complaint, and on November 22, 2013, Plaintiff filed a memorandum in support of his amendment (Docket Item 17). On November 27, 2013, this Court reopened the matter.

## DISCUSSION

This Court has reviewed the documentation provided by Plaintiff. In response to this Court's holding that "Plaintiff's claims of medical malpractice are too vague and conclusory to state a claim. Plaintiff does not describe the nature of his medical

problems, the treatment received, the identities of the treatment providers, the dates of the treatments, the alternative treatment required, the manner in which the treatment received was deficient, or the harm caused by the allegedly inadequate treatment," it appears that Plaintiff has provided a great deal of records from his file, including administrative remedies and medical records. The records provide the information the Court requested, including the nature of the medical problems, the treatment received and providers, and Plaintiff's complaints concerning treatment.

Further, this Court stated in its previous Opinion that, "if Plaintiff chooses to pursue his FTCA action, he will need to allege in his proposed Amended Complaint that he has complied with the requirement of filing a timely administrative tort claim regarding the torts he is alleging, and that such administrative claim contained a demand for monetary damages in a sum certain . . . ." *See Corral*, *supra,* at * 4.

With his amendment, Plaintiff provides a claim form dated December 7, 2011, wherein he asked for ten million dollars for injuries from the August 18, 2010, injury. *See* Docket Item 17 at pp. 1-2; Docket Item 15. This, in conjunction with the administrative remedies he provides, are submitted in response to the Court's directive. Further, Plaintiff states in his Amended Complaint that his injuries are open wounds (Am. Complt., Docket Item 15 at Sec.

III), Orthopedic/ Rheumatology Injury (*Id.* at Sec. IV), Open Wounds with regard to fracture (*Id.* at Sec. V), and attempts to describe the injuries and his complaints concerning his treatment.

This Court notes that the documents filed in this case are voluminous and not well-organized. However, at this juncture, the Court recognizes that Plaintiff has responded to this Court's holding that his original Complaint was vague and conclusory and its directive for information by providing his entire file. *Pro se* pleadings must be construed liberally. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013). The Court of Appeals has noted:

> We are especially likely to be flexible when dealing with imprisoned pro se litigants. Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation. *See Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983) ("Pro se prison inmates, with limited access to legal materials, occupy a position significantly different from that occupied by litigants represented by counsel"). The Supreme Court has "insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed and [has] held that some procedural rules must give way because of the unique circumstance of incarceration." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (citations omitted).

*Id.*

Here, this Court finds that the case should be permitted to proceed past *sua sponte* screening, and Defendant will be ordered to file a responsive pleading.

## CONCLUSION

For the reasons stated above, this Court allows this case to proceed past *sua sponte* screening. An appropriate Order follows.



                                    <u>**s/ Jerome B. Simandle**</u>
                                    JEROME B. SIMANDLE, Chief Judge
                                    United States District Court

Dated: **August 6, 2014**